Exhibit 1

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ELAINE KAY MAIER, | Case No. 25-cv-07534 |
| Plaintiff, | |
| v. | **Judge Jorge L. Alonso** |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", | **Magistrate Judge Albert Berry, III** |
| Defendants. | |

## PRELIMINARY INJUNCTION ORDER

Plaintiff ELAINE KAY MAIER ("Maier" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Maier's Motion as follows.

This Court finds Maier has provided notice to Defendants in accordance with the Temporary Restraining Order entered July 9, 2025, [18] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Maier has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Maier's federally registered copyrights, which is protected by U.S. Copyright Registration No. VA 2-423-350 (the "Elaine Maier Work") to residents of Illinois. In this case, Maier has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Elaine Maier Work. *See* Docket No. [15], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Elaine Maier Work.

    This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Maier's previously granted Motion for Entry of a TRO establishes that Maier has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Maier will suffer irreparable harm if the injunction is not granted.

    Specifically, Maier has proved a *prima facie* case of copyright infringement because (1) the Elaine Maier Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Elaine Maier Works, and (3) Defendants' use of the Elaine Maier Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Maier. Furthermore, Defendants' continued and unauthorized use of the Elaine Maier Works irreparably harms Maier through diminished goodwill and brand confidence, damage to Maier's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Maier has an inadequate remedy

at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

   a. using the Elaine Maier Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Maier product or not authorized by Maier to be sold in connection with the Elaine Maier Works;

   b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Maier product or any other product produced by Maier, that is not Maier's or not produced under the authorization, control, or supervision of Maier and approved by Maier for sale under the Elaine Maier Works;

   c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Maier, or are sponsored by, approved by, or otherwise connected with Maier; and

   d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Maier, nor authorized by Maier to be sold or offered for sale, and which bear any of Maier's copyrights, including the Elaine Maier Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Maier's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Temu, LLC ("Temu") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Maier expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Temu, or other merchant account

        providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Maier's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Elaine Maier Works.

5. Any Third Party Providers, including Temu, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Elaine Kay Maier, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Maier may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-mail addresses identified in Exhibit 2 to the Declaration of Elaine Kay Maier and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "MONISUN ART and all other Defendants identified in the Complaint" that shall apply to all Defendants. The

combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Elaine Kay Maier [15], and the TRO [18] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The one hundred eighty-eight thousand dollar ($188,000) ($1,000 per defendant) bond posted by Maier shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Jorge L. Alonso
United States District Judge

Dated: July 23, 2025

7

# IN THE UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANDREW DOBELL,<br><br>      Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>      Defendants. | Case No. 25-cv-07573<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Gabriel A. Fuentes** |

## PRELIMINARY INJUNCTION ORDER

Plaintiff ANDREW DOBELL ("Dobell" or "Plaintiff") filed a Motion for Entry of a Preliminary Injunction against the against the fully interactive, e-commerce stores operating under the seller aliases identified in Schedule A to the Complaint and attached hereto (collectively, "Defendants") and using at least the online marketplace accounts identified in Schedule A (the "Defendant Internet Stores"). After reviewing the Motion and the accompanying record, this Court GRANTS Dobell's Motion as follows.

This Court finds Dobell has provided notice to Defendants in accordance with the Temporary Restraining Order entered July 15, 2025, [19] ("TRO"), and Federal Rule of Civil Procedure 65(a)(1).

This Court also finds, in the absence of adversarial presentation, that it has personal jurisdiction over Defendants because Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Dobell has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer

shipping to the United States, including Illinois, and have sold products using infringing versions of Dobell's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-423-332; VA 2-423-342; VA 2-423-417; VA 2-423-337; VA 2-423-330; VA 2-423-338; and VA 2-423-334 (the "Andrew Dobell Works") to residents of Illinois. In this case, Dobell has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Andrew Dobell Works. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Andrew Dobell Work.

This Court also finds that the injunctive relief previously granted in the TRO should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Dobell's previously granted Motion for Entry of a TRO establishes that Dobell has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Dobell will suffer irreparable harm if the injunction is not granted.

Specifically, Dobell has proved a *prima facie* case of copyright infringement because (1) the Andrew Dobell Works are registered with the U.S. Copyright Office, (2) Defendants are not licensed or authorized to use any of the Andrew Dobell Works, and (3) Defendants' use of the Andrew Dobell Works is causing a likelihood of confusion as to the origin or sponsorship of Defendants' products with Dobell. Furthermore, Defendants' continued and unauthorized

use of the Andrew Dobell Works irreparably harms Dobell through diminished goodwill and brand confidence, damage to Dobell's reputation, loss of exclusivity, and loss of future sales. Monetary damages fail to address such damage and, therefore, Dobell has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions. Accordingly, this Court orders that:

1. Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be preliminarily enjoined and restrained from:

    a. using the Andrew Dobell Works or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Dobell product or not authorized by Dobell to be sold in connection with the Andrew Dobell Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Dobell product or any other product produced by Dobell, that is not Dobell's or not produced under the authorization, control, or supervision of Dobell and approved by Dobell for sale under the Andrew Dobell Works;

    c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Dobell, or are sponsored by, approved by, or otherwise connected with Dobell; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Dobell, nor authorized by Dobell

   to be sold or offered for sale, and which bear any of Dobell's copyrights, including the Andrew Dobell Works, or any reproductions, infringing copies, or colorable imitations.

2. Defendants shall not transfer or dispose of any money or other of Defendants' assets in any of Defendants' financial accounts.

3. Upon Dobell's request, Defendants and any third party with actual notice of this Order who is providing services for any of Defendants, or in connection with any of Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc. ("Amazon"), Temu, LLC ("Temu"), and Walmart, Inc. ("Walmart") (collectively, the "Third Party Providers"), shall, within seven (7) calendar days after receipt of such notice, provide to Dobell expedited discovery, limited to copies of documents and records in such person's or entity's possession or control sufficient to determine:

   a. the identities and locations of Defendants, their officers, agents, servants, employees, attorneys, and any persons acting in active concert or participation with them, including all known contact information and all associated e-mail addresses;

   b. the nature of Defendants' operations and all associated sales, methods of payment for services, and financial information, including, without limitation, identifying information associated with the Defendant Internet Stores and Defendants' financial accounts, including Defendants' sales and listing history related to their respective Defendant Internet Stores; and

   c. any financial accounts owned or controlled by Defendants, including their officers, agents, servants, employees, attorneys, and any persons acting in active concert or

        participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Amazon, Temu, and Walmart or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

4. Upon Dobell's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 3, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Andrew Dobell Works.

5. Any Third Party Providers, including Amazon, Temu, and Walmart, shall, within seven (7) calendar days of receipt of this Order:

   a. locate all accounts and funds connected to Defendants' seller aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Andrew Dobell, and any e-mail addresses provided for Defendants by third parties; and

   b. restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further order by this Court.

6. Dobell may provide notice of the proceedings in this case to Defendants, including service of process pursuant to Fed. R. Civ. P. 4(f)(3), and any future motions, by electronically publishing a link to the Complaint, this Order, and other relevant documents on a website and by sending an e-mail with a link to said website to the e-

mail addresses identified in Exhibit 2 to the Declaration of Andrew Dobell and any e-mail addresses provided for Defendants by third parties. The Clerk of the Court is directed to issue a single original summons in the name of "Halloween Mask Store and all other Defendants identified in the Complaint" that shall apply to all Defendants. The combination of providing notice via electronic publication and e-mail, along with any notice that Defendants receive from payment processors, shall constitute notice reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

7. Plaintiff's Schedule A to the Complaint [2], Exhibit 2 to the Declaration of Andrew Dobell [16], and the TRO [19] are unsealed.

8. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order as permitted by and in compliance with the Federal Rules of Civil Procedure and the Northern District of Illinois Local Rules. Any third party impacted by this Order may move for appropriate relief.

9. The one hundred thirty-seven thousand dollar ($137,000) ($1,000 per defendant) bond posted by Dobell shall remain with the Court until a final disposition of this case or until this Preliminary Injunction is terminated.

SO ORDERED:

_____
Jorge L. Alonso
United States District Judge

Dated: August 13, 2025